JOSEPH DE CICCO AND JOSEPHINE DE CICCO, PLAINTIFFS-APPELLANTS, v. LEOKODIA H. ANDERSON, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division.

Argued December 11, 1967—Decided February 16, 1968.

Before Judges SULLIVAN, FOLEY and LEONARD.

*Mr. J. Roger Conant* argued the cause for appellants.

*Mr. Eugene M. Purcell* argued the cause for respondent (*Messrs. Stevens & Mathias,* attorneys).

The opinion of the court was delivered by

FOLEY, J. A. D. In this negligence action plaintiff appeals from a summary judgment entered in the Law Division. The judgment in favor of defendant was based upon a holding

by the trial court that the negligence action was barred by the Workmen's Compensation Act, *N. J. S. A.* 34:15–7 *et seq.* The propriety of this determination is the sole question presented on this appeal.

On February 17, 1964, at approximately 7:23 A.M., plaintiff was injured in an accident which occurred in a parking lot owned by her employer, Accurate Bushing Company. The lot was maintained by the employer for the use and convenience of its employees who came to work by automobile. It was separated from the employer's plant for some distance, requiring reentry into the public domain to reach the plant.

Plaintiff, describing the accident, stated that she was on her way to work through the parking lot, as had been her custom for 15 years, when she was struck by an automobile driven by defendant, a fellow employee who was parking her vehicle before going to work. The workday commenced at 7:30 A.M.

Plaintiff deposed that she and other employees "cut through" the parking lot because it offered a safer route to her employer's plant. Her explanation of this was that the public street on the side adjacent to the parking lot had no sidewalk. She said also that over the many years during which she and other pedestrian employees took this course she had never been given express permission by her employer to walk through the lot, nor had she ever been forbidden to do so.

*N. J. S. A.* 34:15–8 provides in pertinent part:

"If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed * * *."

In interpreting the scope and intent of this enactment the Supreme Court in *Eule v. Eule Motor Sales,* 34 *N. J.* 537 (1961) said:

246

"Reflecting the commonly-held view that the enterprise should be the final repository of the inevitable risk of loss, the Legislature recently provided that an employee shall not be liable for negligent injury of a co-employee entitled to workmen's compensation benefits, *L.* 1961, c. 2, amending *R. S.* 34:15–8." (at *p.* 537)

The determinative question presented here is whether plaintiff and defendant were in the "same employ" in the sense that the accident occurred while *both* were in the "course of their employment" by a common employer. Concededly, this question has not previously been decided by our courts in the existing factual complex.

In *Konitch v. Hartung,* 81 *N. J. Super.* 376 (*App. Div.* 1963), certification denied 41 *N. J.* 389 (1964), this court held that where the plaintiff therein, having parked her automobile in a parking area adjacent to defendant's plant, was struck by the vehicle of a co-employee, who was likewise about to park, a common law action in negligence was barred by *N. J. S. A.* 34: 15–8 *supra.* Plaintiff points to the factual differences between *Konitch* and the present case. In *Konitch* both plaintiff and defendant were in the parking lot for the purpose of parking, and thus were engaged in the use of the parking lot to the "mutual benefit" of themselves and the employer. Here, plaintiff was using the lot to serve her own convenience and not for the purpose for which it was provided by the employer. Plaintiff contends the element of "mutual benefit" was lacking in these circumstances. Thus, plaintiff argues, in effect, that the mere fact that she was in the lot does not establish that the accident occurred "in the course of [her] employment." We do not regard the factual differences of the two cases to be of doctrinal dimensions.

As we have noted, for many years prior to the accident plaintiff and many other employees *en route* to work had used the employer's parking lot premises as pedestrians. The company did not restrict the use of the lot to those proceeding to work in automobiles. That the latter class and the company mutually benefit from this facility is beyond debate. See *McCrae v. Eastern Aircraft,* 137 *N. J. L.* 244 (*Sup Ct.*

1948) ; *cf. Rice v. Pharmaceuticals Inc.*, 65 *N. J. Super.* 579 (*App. Div.* 1961) ; *Lewis v. Walter Scott & Co., Inc.*, 50 *N. J. Super.* 283 (*App. Div.* 1958) ; *Buerkle v. United Parcel Service*, 26 *N. J. Super.* 404 (*App. Div.* 1953). But the mutual benefit gained by the employer and those of the pedestrian class is not difficult to ascertain. The safety and convenience inuring to the pedestrians is obvious. The benefit to the employer in terms of, at least, employer-employee relationships, derives from the service of the employee's convenience and safety.

Lastly, plaintiff was injured on premises owned by the employer and used by it in connection with its business operation. In these circumstances the absence of restrictions upon its use by employees generally made the parking lot a place where she might reasonably be in the course of her employment. See *Konitch c. Hartung, supra,* at *pp.* 382–383.

We therefore conclude that both parties were in the "same employ" and that the accident occurred in the course of their employment. Consequently, the judgment is affirmed.